Frost, J.
delivered the opinion of the Court. ^
Robert D. Thomas, against whom the plaintiff had an execution, gave a written acknowledgment of levy on the slaves in dispute. The acknowledgment was copied on one of the executions. The slaves were left in the possession of Thomas ; and when he left the State, the plaintiff required his son to give security for the production of them. Soon after they were carried off by the defendant.
It is not necessary to a levy that the sheriff should actually seize and keep possession of the goods. It is sufficient if, the goods being in the possession of the defendant and the sheriff having power to take them, with the consent of the defendant, he endorses a levy on the execution. The sheriff must, by some unequivocal act or declaration, assert his title to the goods, under the execution, so that the legal possession and control be manifestly transferred from the defendant to him. It is not material whether the right of possession be acquired by an actual exercise of official authority, or by the voluntary act of the defendant. A written acknowledgment of a levy is as effectual as an actual levy; and if the goods, in either case, remain in the possession of the defendant, he is the bailee of the sheriff. In this case the sheriff went to the defendent’s residence, for the purpose of making a levy; the slaves were at the place, and the sheriff might have taken them; it is not proved, but it may be presumed, the acknowledgment of the levy was then given. The slaves were in the possession of the plaintiff, under the levy, by the obligation of the defendant’s son to produce them to him, at the next sale day. The copying of the defendant’s acknowledgment, on the execution, was a sufficient indorsement of the levy. It supplied evidence of the fact of a levy, for every purpose required by an indorsement. The omission to make, on other executions, a reference to such indorsement, cannot •impair the legal effect and validity of the levy. It follows *33 that, if a levy may be made by the acknowledgment of the defendant, the evidence of that confession is competent to prove the levy.
BateS sh<Mff T. Gist, 3 Me! Cord, 493.
The sheriff by a levy acquires the legal property in the goods. He may maintain an action against the defendant, and all other persons. When the executions are satisfied, any goods, which may remain in the sheriff’s hands, are revested in the defendant, or any person to whom he may have assigned his right. To one of these the sheriff is liable for a re' delivery of such goods; and to meet that liability must have an action against a wrongful taker. The defendant is not the assignee of Thomas. He claims the slaves, as the agent of Wm. Covington ; but Covington’s title has been negatived by the verdict in this case; and Thomas appears to be the legal owner. The defendant is a mere trespasser, having no interest in the slaves. It does not concern him whether the junior executions attached on the slaves, or not; nor can he question the right of the sheriff to sell the slaves and apply the proceeds to such junior'executions. If the proceeds be not applicable to them, and if there would be a surplus of property, or its proceeds, after satisfying the executions in the sheriff’s office, either at the time of the levy, or of the conversion, the defendant has no. right to such surplus; and cannot claim an equivalent abatement from the damages the plaintiff is entitled to recover for a wrongful conversion.
Thomas was a resident of this State; and after his marriage and return to Marlborough district, his Covington, sent to him the slaves in dispute. The delivery which gave effect to the gift, was made in this State, and its validity must, therefore, be determined by our law and not by the law of North Carolina.
The motion is refused.
Richardson, J., O’Neall, J. and Evans, J. concurred.